211 N.J. Super. 708 (1986)
512 A.2d 588
JAMES H. CLARK, APPELLANT,
v.
NEW JERSEY DIVISION OF MOTOR VEHICLES, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted June 3, 1986.
Decided July 16, 1986.
*709 Before Judges DREIER and GRUCCIO.
James H. Clark, appellant, filed a brief pro se.
W. Cary Edwards, Attorney General of New Jersey, attorney for respondent (James J. Ciancia, Assistant Attorney General, of counsel, John P. Bender, Deputy Attorney General, on the brief).
The opinion of the court was delivered by: GRUCCIO, J.S.C. (temporarily assigned).
Petitioner James H. Clark appeals from a determination of the Acting Director of the Division of Motor Vehicles assessing insurance surcharge penalties based upon petitioner's two speeding convictions, N.J.S.A. 39:4-98; driving while intoxicated *710 conviction, N.J.S.A. 39:4-50; and a conviction for failing to take a breathalyzer test, N.J.S.A. 39:4-50.2. Petitioner contends that the imposition of the automobile surcharge pursuant to N.J.S.A. 17:29A-33, et seq. has been unconstitutionally applied to him on an ex post facto basis and that the surcharges are penal in nature.
An administrative law judge determined that Clark was subject to the Merit Rating Plan surcharge as billed by the Division of Motor Vehicles. The administrative law judge did not decide the constitutional challenge, noting that although administrative agencies have the power to pass upon constitutional questions, they do so only where their determination is relevant and necessary to the resolution of the question within the agency's jurisdiction. See, e.g. Christian Bros. Inst. v. No. N.J. Inter-schol. League, 86 N.J. 409, 416 (1981). The Acting Director of the Division of Motor Vehicles affirmed this decision, and it is from this final decision that petitioner appeals.
Having carefully reviewed the record and the arguments of counsel, we affirm the memorandum decision of the Acting Director of the Division of Motor Vehicles substantially for the reasons set forth in his opinion of July 22, 1985. We also determine to be without merit petitioner's claim that N.J.S.A. 17:29A-33, et seq. as applied to him violates the constitutional prohibition against ex post facto laws. This prohibition applies only when the legislation is retrospective in operation. Weaver v. Graham, 450 U.S. 24, 29, 101 S.Ct. 960, 964, 67 L.Ed.2d 17, 23 (1981). The Merit Rating Plan surcharge was approved prior to petitioner's arrest for violating N.J.S.A. 39:4-50. While calculation of penalties under the Plan applies to offenses based upon consideration of a licensee's driving history, the Plan only relates to the future operation of a motor vehicle. The Merit Rating Plan merely gives the Division of Motor Vehicles the responsibility of assessing surcharges for high risk drivers in a uniform manner, as opposed to the area-based industry surcharge previously in existence. The law establishes an industry *711 surcharge system based upon an individual's driving history and sets qualifications for the offender's continued driving on the highway.
Petitioner's claim that the statute is punitive in nature also must fail. The prohibition against ex post facto law only applies to punitive legislation. Galvan v. Press, 347 U.S. 522, 531, 74 S.Ct. 737, 742-743, 98 L.Ed. 911, 922 (1954). It does not apply to retrospective legislation involving a statutory system of civil penalties. Harisiades v. Shaughnessy, 342 U.S. 580, 594-595, 72 S.Ct. 512, 521, 96 L.Ed. 586, 601 (1952).
The label on a law does not make it civil or non-punitive. The ex post facto prohibition cannot be avoided by merely calling a statute civil when in effect it is criminal. Burgess v. Salmon, 97 U.S. (7 Otto) 381, 403, 24 L.Ed. 1104, 1106 (1878). Here the purpose and effect of the Merit Rating Plan surcharges are clearly remedial and civil. Historically, motor vehicle violations, including N.J.S.A. 39:4-50 and N.J.S.A. 39:4-50.4a, have not been considered crimes but traffic offenses. See State v. Cusik, 110 N.J. Super. 149, 151 (App.Div. 1970); State v. McCarthy, 30 N.J. Super. 6, 8 (App.Div. 1954). The statute does not deprive a person of any status, opportunity or privilege. Instead, the person must pay a monetary assessment in accordance with a uniform schedule for the privilege of driving on the highways. All persons in the class pay in accordance with the fixed charges for violations they have accumulated. The plan is no more or less "punitive" in nature than the State requirements of compulsory insurance. In view of the carnage caused by persons driving while intoxicated, the surcharges can hardly be said to be excessive. We conclude N.J.S.A. 17:29A-35(b) is not punitive in nature and not proscribed under the ex post facto provision of the State or federal constitutions.
Affirmed.