**Joseph FREDERICK, Appellant,**

**v.**

**COMMONWEALTH of Pennsylvania, Department of Transportation, Bureau of Driver Licensing.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 22, 2002.

Decided July 10, 2002.

---

Matthew A. Hartley, Sewickley, for appellant.

Terrance M. Edwards and Timothy P. Wile, Asst. Counsel In–Charge, Harrisburg, for appellee.

BEFORE: SMITH–RIBNER, J., SIMPSON, J., and KELLEY, Senior Judge.

OPINION BY Judge SMITH–RIBNER.

Joseph Frederick (Appellant) appeals from a decision of the Court of Common Pleas of Allegheny County that dismissed Appellant's appeal from the suspension of his driving privileges by the Department of Transportation, Bureau of Driver Licensing (Department) for driving under the influence (DUI) in violation of Section 3731 of the Vehicle Code, *as amended,* 75 Pa.C.S. § 3731. Because the suspension was the result of Appellant's second DUI conviction, it fell within the ambit of Section 7002(b) of the Judicial Code, 42 Pa. C.S. § 7002(b), which requires courts to order the installation of an approved ignition interlock system on each motor vehicle owned by repeat DUI offenders, effective upon restoration of driving privileges. Appellant contends that applying Section

7002(b) to him violates the prohibition against ex post facto laws contained in Article 1 of the United States Constitution.

Appellant's first DUI violation occurred on July 15, 1995, and he was convicted on December 4, 1995. His driving privileges were suspended for one year effective February 29, 1996 and were restored on February 28, 1997. Appellant's second DUI violation occurred on January 10, 2000. On June 22, 2000, the General Assembly enacted Act 63, which amended the Judicial Code to provide for the use of ignition interlock systems and for restitution for identity theft. The provisions of Act 63 relating to ignition interlock systems for repeat offenders were effective September 30, 2000. Appellant was convicted for his second DUI violation on December 6, 2000. The clerk of courts reported Appellant's conviction to the Department, indicating that Act 63 ignition interlock was required. On February 12, 2001, the Department mailed Appellant notice of a one-year suspension of his driving privileges effective March 19, 2001. In the notice of suspension, the Department informed Appellant that he was required to have all vehicles that he owned equipped with an approved ignition interlock system before his driving privilege could be restored.

 Appellant filed a timely appeal of the notice of suspension to the trial court pursuant to Section 1550(a) of the Vehicle Code, *as amended,* 75 Pa.C.S. § 1550(a).

At the de novo hearing, the Department presented a packet of evidence, which was entered into evidence without objection. The packet included the conviction notice sent to the Department by the clerk of courts, the suspension notice sent by the Department to Appellant and Appellant's driving record. Appellant presented no evidence in opposition, but relied instead on the argument that applying the Act 63 ignition interlock system to him would violate the constitutional prohibition against ex post facto laws. The Department argued that a challenge to the ignition interlock system was premature. The court held that, to the extent that the issue was ripe, the Act is constitutional, and the court dismissed Appellant's appeal.[1]

The provisions of Act 63 relevant to this case were codified at Sections 7001 to 7003 of the Judicial Code, 42 Pa.C.S. §§ 7001–7003. Section 7002(b) of the Judicial Code provides as follows:

**(b) Second or subsequent offense.—** In addition to any other requirements imposed by the court, where a person has been convicted of a second or subsequent violation of 75 Pa.C.S. § 3731, the court shall order the installation of an approved ignition interlock device on each motor vehicle owned by the person to be effective upon the restoration of operating privileges by the department. A record shall be submitted to the department when the court has ordered the installation of an approved interlock ignition device. Before the department

1. The Court's review is limited to determining whether the trial court's findings of fact are supported by competent evidence and whether the trial court has committed an error of law or an abuse of discretion. *Schneider v. Department of Transportation, Bureau of Driver Licensing,* 790 A.2d 363 (Pa.Cmwlth.2002). As an initial matter, the Department renews its argument that the imposition of an ignition interlock system is not reviewable by a trial court in an appeal brought under Section 1550(a) of the Vehicle Code. This argument is premised on the Department's contention that the imposition of the ignition interlock system is not a continuation of a suspension of driving privileges, but rather it is simply a condition for restoration thereof. The Court rejected this argument in *Schneider* and held that the imposition of an ignition interlock system is reviewable by the trial court in a Section 1550(a) appeal.

may restore such person's operating privilege, the department must receive a certification from the court that the ignition interlock system has been installed.

42 Pa.C.S. § 7002(b). Section 7001 defines an ignition interlock system as: "A system approved by the department that prevents a vehicle from being started or operated unless the operator first provides a breath sample indicating that the operator has an alcohol level of less than .025%." 42 Pa.C.S. § 7001. Section 7003(5) provides that a DUI offender "who does not apply for an ignition interlock restricted license shall not be eligible to apply for the restoration of operating privileges for an additional year...." 42 Pa.C.S. § 7003(5). Because failure to comply can effectively result in an additional one-year suspension, this Court has held that the ignition interlock requirement is a continuation of the suspension of driving privileges. *Schneider v. Department of Transportation, Bureau of Driver Licensing*, 790 A.2d 363 (Pa. Cmwlth.2002).

Appellant argues that Section 7002(b) should not be applied to him because it increases the punishment for his DUI offense and was enacted after he committed the offense. Appellant principally relies upon *United States v. Edwards*, 162 F.3d 87 (3d Cir.1998), in which the Third Circuit held that applying the "Mandatory Victims Restitution Act of 1996," 18 U.S.C. §§ 3663A, 3664, to an offender who committed offenses before it was enacted violated the constitutional prohibition against ex post facto laws. The court concluded that the criminal restitution imposed by the act, while resembling a civil remedy in some manners, was nevertheless a form of criminal penalty when imposed as an integral part of sentencing. Therefore, the criminal restitution could not be applied retrospectively.

■ In order for a law to transgress the ex post facto prohibition, the law must retrospectively alter the definition of criminal conduct or retrospectively increase the penalty by which a crime is punishable. *Dial v. Vaughn*, 733 A.2d 1 (Pa.Cmwlth. 1999). Thus the ex post facto prohibition applies only to statutes which involve the imposition of penal sanctions. *Kansas v. Hendricks*, 521 U.S. 346, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997); *Office of Disciplinary Counsel v. Zdrok*, 538 Pa. 41, 645 A.2d 830 (1994); *Dial*; *Edwards*. In determining whether a law is penal, courts look to the purpose of the statute. *Trop v. Dulles*, 356 U.S. 86, 78 S.Ct. 590, 2 L.Ed.2d 630 (1958). Where the statute imposes a disability to accomplish some legitimate government purpose other than to punish, the statute is not considered penal. *Id.*

■ It is readily apparent that the disability imposed by Section 7002(b) is not penal. The required installation of ignition interlock systems is designed to keep the streets safe from the danger posed by intoxicated drivers, not to serve as an additional punishment to the offender. *Commonwealth v. Etheredge*, 794 A.2d 391 (Pa.Super.2002). To the extent that Section 7002(b) continues a license suspension, Pennsylvania courts have repeatedly held that a DUI offender's loss of driving privileges is not a criminal penalty. *See, e.g., Commonwealth v. Duffey*, 536 Pa. 436, 639 A.2d 1174 (1994); *Xenakis v. Department of Transportation, Bureau of Driver Licensing*, 702 A.2d 572 (Pa.Cmwlth.1997). In *Schrankel v. Department of Transportation, Bureau of Driver Licensing*, 562 Pa. 337, 755 A.2d 690 (2000), the Supreme Court held that the Department could suspend the license of a driver who committed an out-of-state DUI offense before the legislature enacted the Driver's License Compact, 75 Pa.C.S. § 1581, but who was con-

victed after its effective date. To reach this conclusion, the court relied upon its statement in *Zdrok* that the ex post facto prohibition applies only to penal sanctions.

Other courts have also held that acts limiting a DUI offender's ability to drive are not penal in nature. *See Herbert v. Billy,* 160 F.3d 1131 (6th Cir.1998) (holding that the license suspension of a person convicted for a DUI offense did not constitute punishment for double jeopardy purposes); *Clark v. New Jersey Division of Motor Vehicles,* 211 N.J.Super. 708, 512 A.2d 588 (1986) (holding that the retrospective assessment of surcharges to DUI offenders did not violate the ex post facto prohibition); *Campbell v. Department of Motor Vehicles,* 155 Cal.App.3d 716, 202 Cal.Rptr. 324 (1984) (holding that retrospective mandatory license suspension for DUI offenders did not violate the ex post facto prohibition). Because the disability imposed by Section 7002(b) is not penal, the constitutional prohibition against ex post facto laws is inapplicable, and accordingly, the trial court's order is affirmed.[2]

### ORDER

AND NOW, this 10th day of July, 2002, the order of the Court of Common Pleas of Allegheny County is hereby affirmed.

---

**2.** The Court notes that the Superior Court recently held in *Etheredge* that Act 63 does not violate the constitutional guarantees of equal protection and due process.