**Brendan Joseph DOHERTY**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Nov. 16, 2006.

Decided Dec. 29, 2006.

Reconsideration and/or Rehearing En Banc Denied Feb. 21, 2007.

Publication Ordered March 30, 2007.

exhibited in this case.

---

**5.** To the contrary, plea counsel should be commended for the ethical performance as

Timothy P. Wile, Asst. Counsel In-Charge, Harrisburg, for appellant.

Peter J. McHugh, Exton, for appellee.

BEFORE: McGINLEY, Judge, and SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Judge McGINLEY.

The Department of Transportation (DOT) appeals from the order of the Court of Common Pleas of Chester County (trial court) which sustained the statutory appeal of Brendan Doherty (Licensee) from the requirement that he comply with Act 63 of 2000 ("Act 63"), formerly 42 Pa.C.S. §§ 7001–7003 (repealed) (relating to ignition interlock devices).[1]

On September 19, 1997, Licensee was arrested in Wyoming County and charged with driving under the influence (DUI). On December 19, 1997, Licensee was arrested in Centre County and charged with DUI. Licensee accepted admission into the Accelerated Rehabilitation Disposition (ARD) program with respect to the Wyoming County DUI charge on February 11, 1998. Licensee was convicted of the Centre County DUI charge on March 31, 1998. The Bureau restored Licensee's operating privileges on June 28, 1999.

On November 30, 1999, Licensee was arrested in Clearfield County and charged with DUI. He was convicted of the Clearfield County DUI charge on November 21, 2000. The Court of Common Pleas of Clearfield County (criminal court) ordered that Licensee, as a condition precedent to the restoration of his operating privilege, install an ignition interlock system on his vehicles in accordance with former Section 7002(2) of Act 63, *formerly* 42 Pa.C.S. § 7002(2).

By official notice dated March 21, 2001, the Bureau of Driver Licensing (Bureau) notified Licensee, as authorized by 75 Pa. C.S. § 1542(d), that his operating privilege was revoked for five years as a habitual offender since his November 21, 2000, DUI was his third major violation within a five year period.

---

1. Act 63 was held unconstitutional in part by *Commonwealth v. Mockaitis*, 575 Pa. 5, 834 A.2d 488 (2003), and ultimately repealed by Section 4 of the Act of September 30, 2003, P.L. 120 (Act 24), effective February 1, 2004. The interlock requirements for repeat DUI offenders are currently found at 75 Pa.C.S. § 3801.

On January 3, 2006, Licensee filed a petition with the trial court seeking to appeal *nunc pro tunc* from the imposition of the ignition interlock requirement set forth in the Bureau's March 21, 2001, revocation notice. *Hess v. Department of Transportation, Bureau of Driver Licensing,* 821 A.2d 663 (Pa.Cmwlth.2003). Licensee testified that he believed he could only appeal the license revocation, and not the interlock requirement, after he read the March 21, 2001, notice. As to the substantive issue, Licensee maintained that he was not subject to the interlock requirement since his triggering DUI offense (November 30, 1999) occurred prior to September 30, 2000, the effective date of Act 63.

By order dated April 10, 2006, the trial court granted Licensee *nunc pro tunc* relief and sustained his challenge to the ignition interlock requirement. The trial court found that the notice was substantially similar to the notice in *Hess* insofar as both stated that more information would be forthcoming from DOT regarding the ignition interlock system requirement. The trial court determined as a matter of law that the notice was ambiguous based on *Hess.* Specifically, the wording of the notice was confusing because it was unclear whether the right to appeal the revocation included the right to appeal the imposition of the ignition interlock system. The trial court then credited Licensee's testimony that he was confused by the notice and did not realize that he had to timely appeal the interlock requirement.

As to the substantive issue, the parties disputed the meaning of Section 3 of Act 63 which provided:

Section 3. The provisions of 42 Pa.C.S. Ch. 70 [relating to the interlock ignition devices] shall apply to all persons *convicted of a second or subsequent violation of 75 Pa.C.S. § 3731 on or after*

*the effective date of this section.* (Emphasis added).

Licensee argued that Act 63 only applied to triggering DUI convictions where the *offense,* not the conviction, occurred after September 30, 2000, Act 63's effective date. Licensee claimed that all of his previous violations occurred before Act 63 became effective and the interlock requirement did not apply.

DOT, on the other hand, asserted that Licensee was subject to Act 63 even though all of his DUI offenses, including his triggering DUI offense, occurred before the effective date of the Law. DOT maintained that a reasonable interpretation of Section 3 of Act 63 is that where a licensee is "convicted" of a second or subsequent DUI offense on or after September 30, 2000, the licensee is subject to the interlock requirement of Act 63, formerly 42 Pa.C.S. § 7003(2), even if the second or subsequent violation occurred prior to September 30, 2000.

The trial court agreed with Licensee's interpretation of Section 3 of Act 63. It held that Act 63 applied only where a licensee's second or subsequent *offense* occurred after September 30, 2000. Since Licensee's offenses occurred prior to September 30, 2000, the trial court concluded that Licensee was not subject to the interlock restricted license requirement of Act 63:

In the absence of a reported appellate decision, this Court relies upon the well-reasoned opinions of Northampton County Common Pleas Judges Isaac J. Garb in Burd v. Commonwealth, Department of Transportation, No. C–0048CV20020000198, slip opinion (Northampton Common Pleas, March 18, 2002) affirmed, in an unpublished opinion (2003) and Frederick A. Freeberg in Commonwealth of Pennsylvania v. Michael McShane, No. 3218–2000, slip

opinion (Northampton Common Pleas, July 10, 2001). Those Judges persuasively interpreted the language of the Interlock Law [Act 63] as applying only to those whose DUI offenses occurred after the Law's effective date. Principles of statutory construction support this conclusion.

Section 3 of Act 63 provides, in pertinent part: 'The provisions of 42 Pa.C.S. Ch. 70 [Interlock Law] [Act 63] shall apply to all persons convicted of a second or subsequent violation of 75 Pa.C.S. § 3731 on or after the effective date of this section ...' *the phrase 'on or after the effective date of this section,' found in Section 3 of Act 63, necessarily modifies the word 'violation' rather than the word 'conviction.'* (emphasis added).

\* \* \* \*

Section 4(2) of Act 63 provides that the provisions of § 7002(A) (pertaining to first offenses) shall take effect September 30, 2001. Section 4(4) of Act 63 provides that '[t]he remainder of this act shall take effect September 30, 2000, or immediately, whichever is later.' *Section 4(4) of Act 63 requiring the remainder of the Act to take effect on September 30, 2000 would be mere surplusage if Section 3 of Act 63 were construed to mean that the Interlock Law [Act 63] applied to persons convicted of a second or subsequent DUI offense after September 30, 2000.* (emphasis added).

Trial Court Opinion, April 10, 2006 at 3.

The trial court also noted that "the phrase 'on or after the effective date of this section' ... is more remote from the

word 'convicted.'" Trial Court Opinion, April 10, 2006, at 4.

On appeal, DOT raises the following issues: (1) whether the trial court erred when it granted Licensee leave to appeal *nunc pro tunc;* and (2) whether the trial court erroneously interpreted Section 3 of Act 63? [2]

 First, DOT contends that the common pleas court erroneously interpreted Section 3 as requiring a licensee's second or subsequent *violation* of 75 Pa.C.S. § 3731 to have occurred on or after September 30, 2000, as opposed to the *conviction* for such violation having to occur on or after that date.[3]

When interpreting a statute, this Court is guided by the Statutory Construction Act of 1972, 1 Pa.C.S. §§ 1501–1991, which directs that "the object of interpretation and construction of all statutes is to ascertain and effectuate the intention of the General Assembly." *Walker v. Eleby,* 577 Pa. 104, 123, 842 A.2d 389, 400 (2004), citing 1 Pa.C.S. §§ 1903(a), 1921(b). "The clearest indication of legislative intent is generally the plain language of a statute." *Walker.* "When words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). Thus, if the language of a statute is clear and unambiguous, a court must read its provisions in accordance with their plain meaning and common usage. *Commonwealth v. Becker,* 366 Pa.Super. 54, 530 A.2d 888, 890 (1987). Finally, when ascertaining the intent of the General Assembly, this Court is mindful of the general command to presume that the General Assembly "does not intend a result that is absurd, impossible of execution or unrea-

---

**2.** This Court has foregone the sequence of DOT's arguments.

**3.** On issues of statutory interpretation this Court's scope of review is plenary, and our

standard of review is *de novo.* *Medical Shoppe, Ltd. v. Wayne Memorial Hospital,* 866 A.2d 455 (Pa.Cmwlth.2005).

sonable." 1 Pa.C.S. § 1922(1); *see also Street Road Bar Grille, Inc. v. Pennsylvania Liquor Control Bd.*, 583 Pa. 72, 876 A.2d 346, 353 (2005).

This Court must agree that the trial court incorrectly interpreted Section 3 of Act 63 to mean that it applies to *"offenses"* occurring after the effective date of the statute when the statute clearly states that "[t]he provisions of 42 Pa.C.S. Ch. 70 shall apply to all persons *convicted* of a second or subsequent violation of 75 Pa.C.S. § 3731 **on or after the effective date of this section."** [4] As facially attractive as the trial court's holding that the phrase "on or after the effective date of this section" necessarily modifies the word "violation" rather than the word "conviction" is, this Court finds such an interpretation unacceptable. To interpret Section 3 of Act 63 as applying to *offenses* occurring on or after the effective date of this section would render the term "conviction" mere surplusage. If the General Assembly meant this section to apply to violations occurring on or after September 30, 2000, it could have easily and clearly so stated.[5]

For the foregoing reasons, the order of the trial court is reversed.

### ORDER

AND NOW, this 29th day of December, 2006, the order of the Court of Common Pleas of Chester County in the above-captioned case is hereby reversed.

---

4. It is undisputed that all three of Licensee's offenses occurred before the effective date of Act 63. This Court notes that in *Frederick v. Commonwealth Department of Transportation, Bureau of Driver Licensing*, 802 A.2d 701 (Pa. Cmwlth.2002), this Court held that because the ignition interlock requirement was not penal and did not serve as additional punish-

ment to offenders, but was designed to keep streets safe from dangers posed by intoxicated drivers, the constitutional prohibition against *ex post facto* laws was inapplicable.

5. Because of this Court's disposition of this issue, it is not necessary to address DOT's remaining issue.