IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Stokes,                              :
                     Petitioner            :
                                        :
          v.                     :       No. 266 M.D. 2019
                                          :       Submitted: November 13, 2020
Pennsylvania General Assembly,               :
PA. Board of Probation & Parole,             :
                 Respondents            :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge[1]
                 HONORABLE ANNE E. COVEY, Judge
                 HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                 FILED: April 12, 2021

Before this Court are the preliminary objections filed by the Pennsylvania Board of Probation and Parole (Parole Board)[2] and Pennsylvania General Assembly to a petition for review filed *pro se* by Michael Stokes in this Court's original jurisdiction. Upon review, we sustain the preliminary objections and dismiss the petition with prejudice. We further deny Stokes' motion to amend the petition because the amendment will not cure the defects raised in the preliminary objections.

---

[1] The case was assigned to the opinion writer before January 4, 2021, when Judge Leavitt completed her term as President Judge.

[2] Following the filing of the petition for review, the Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board. *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code (Parole Code), *as amended*, 61 Pa. C.S. §§6101, 6111(a).

On May 3, 2019, Stokes filed a petition for writ of mandamus or prohibition, in which he asserts that Section 6137(a)(1) of the Prisons and Parole Code (Parole Code), 61 Pa. C.S. §6137(a)(1), as applied to him, violated the double jeopardy, bill of attainder, and *ex post facto* clauses of the United States Constitution.[3]  Specifically, the petition alleges that in 1994, Stokes was convicted of first-degree murder and sentenced to a term of life imprisonment.  In 2014, the Parole Board denied Stokes parole under Section 6137(a)(1) of the Parole Code because he was serving a life sentence.  In 2019, Stokes again applied for parole and did not receive a response.  Stokes claims that he was sentenced to "a term of life imprisonment" authorized by Section 1102(a) of the Crimes Code, 18 Pa. C.S. §1102(a); his "complete ineligibility of the possibility of parole" under Section 6137(a)(1) of the Parole Code constituted a separate punishment for the same crime he committed.  Petition for Review, ¶¶9, 18.  The petition asserts that the General Assembly and the Parole Board, by enacting and enforcing Section 6137(a)(1), "usurped the jurisdiction of the Judicial Branch."  Petition for Review, ¶3.  Stokes asks this Court to strike down Section 6137(a)(1).

On May 11, 2020, the respondents filed preliminary objections seeking dismissal of Stokes' petition.  The General Assembly preliminarily objects to Stokes' petition on three grounds.[4]  It first asserts that this Court lacks jurisdiction

---

[3] Article I, Section 10 of the United States Constitution provides that "[n]o State shall … pass any Bill of Attainder, [or] ex post facto Law…."  U.S. CONST. art. I, §10.  The Fifth Amendment to the United States Constitution provides that "[n]o person shall ... be subject for the same offence to be twice put in jeopardy of life or limb...."  U.S. CONST. amend. V.

[4] Pennsylvania Rule of Civil Procedure 1028(a) provides, in pertinent part:

(a) Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:

in this matter because the General Assembly is immune from suit under the Speech and Debate Clause found in Article II, Section 15 of the Pennsylvania Constitution. PA. CONST. art. II, §15. The General Assembly also asserts that the petition does not state a claim for which relief can be granted; the state statutory scheme defines the crime of murder in the first degree and its applicable sentence as life imprisonment without parole. Finally, the General Assembly asserts that Stokes has not exhausted the statutory remedy available to him under the Post Conviction Relief Act. 42 Pa. C.S. §§9541-9546.

The Parole Board's preliminary objections assert that the petition failed to include a verification statement in compliance with Pennsylvania Rule of Civil Procedure 1024.[5] Second, a portion of the petition was not divided into consecutively numbered paragraphs, with each containing a single allegation of fact or other statement, as required by Pennsylvania Rule of Appellate Procedure

---

> (1) lack of jurisdiction over the subject matter of the action or the person of the defendant, improper venue or improper form or service of a writ of summons or a complaint;
>
> * * *
>
> (4) legal insufficiency of a pleading (demurrer);
>
> * * *
>
> (7) failure to exercise or exhaust a statutory remedy[.]

PA. R.C.P. No. 1028(a).

[5] This rule states in pertinent part:

> (a) Every pleading containing an averment of fact not appearing of record in the action or containing a denial of fact shall state that the averment or denial is true upon the signer's personal knowledge or information and belief and shall be verified. The signer need not aver the source of the information or expectation of ability to prove the averment or denial at the trial. A pleading may be verified upon personal knowledge as to a part and upon information and belief as to the remainder.

PA. R.C.P. No. 1024. *See also* PA. R.A.P. 1513(e)(6).

1513(c).[6]  The Parole Board also adopts the arguments made by the General Assembly regarding the legal insufficiency of the petition.

In response to the Parole Board's preliminary objections, on November 3, 2020, Stokes filed a motion to amend his petition for review pursuant to Pennsylvania Rule of Civil Procedure 1033.[7]  The amended petition is the same as the original except that it includes a verification statement and sets forth the allegations in consecutively numbered paragraphs.  On November 12, 2020, this Court ordered that Stokes' motion be decided with the preliminary objections.

## I. General Assembly's Preliminary Objections

We first address the General Assembly's assertion that Stokes' claims against the General Assembly are barred by the Speech and Debate Clause of the Pennsylvania Constitution.[8]

Article II, Section 15 of the Pennsylvania Constitution provides:

---

[6] This rules states:

> c) Form.--Any petition for review shall be divided into consecutively numbered paragraphs. Each paragraph shall contain, as nearly as possible, a single allegation of fact or other statement.

PA. R.A.P. 1513(c).

[7] This rule provides in relevant part:

> (a) A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, add a person as a party, correct the name of a party or otherwise amend the pleading.

PA. R.C.P. No. 1033.

[8] Under Pennsylvania Rule of Civil Procedure 1030(a), immunity from suit is an affirmative defense that must be pled in a responsive pleading under the heading "New Matter," not as a preliminary objection. Pa. R.C.P. No. 1030(a).  We recognize that courts have permitted a limited exception to this rule and have allowed parties to raise the affirmative defense of immunity as a preliminary objection.  The affirmative defense, however, must be clearly applicable on the face of the petition for review.  In any case, where the petitioner does not object to a respondent raising immunity by preliminary objection, the court may rule on the objection. *Smolsky v. Pennsylvania General Assembly*, 34 A.3d 316, 321 n.7 (Pa. Cmwlth. 2011) (citations omitted).  Here, Stokes did not object.

> The members of the General Assembly shall in all cases, except treason, felony, violation of their oath of office, and breach or surety of the peace, be privileged from arrest during their attendance at the sessions of their respective Houses and in going to and returning from the same; and for any speech or debate in either House they shall not be questioned in any other place.

PA. CONST. art. II, §15. The Pennsylvania Speech and Debate Clause has been interpreted as essentially the same as the Speech and Debate Clause found in Article I, Section 6 of the United States Constitution, U.S. CONST. art. I, §6. *Consumers Education and Protective Association v. Nolan*, 368 A.2d 675, 680 (Pa. 1977).

Our state Supreme Court has declared that the Speech and Debate Clause "must be interpreted broadly in order to protect legislators from judicial interference with their legitimate legislative activities." *Id.* at 680-81. "[E]ven where the activity questioned is not literally speech or debate, ... if it falls within the 'legitimate legislative sphere' ... the action against the legislator ... must be dismissed." *Id.* at 681. It is axiomatic that the passage of legislation falls within the legitimate sphere of legislative activity. *Lincoln Party v. General Assembly*, 682 A.2d 1326, 1333 (Pa. Cmwlth. 1996).

In this case, Stokes challenges Section 6137(a)(1) of the Parole Code, the passage of which falls within the legitimate sphere of legislative activity and, as such, is protected by the Speech and Debate Clause. *Consumer Party of Pennsylvania v. Commonwealth*, 475 A.2d 850 (Pa. Cmwlth. 1984) (Speech and Debate Clause was an absolute bar to suit against the General Assembly challenging constitutionality of statute).

Therefore, we sustain the General Assembly's preliminary objections on grounds of immunity[9] and dismiss Stokes' claims against the General Assembly with prejudice.

## II. Parole Board's Preliminary Objections

We consider, next, the Parole Board's preliminary objection in the nature of a demurrer. In consideration of the demurrer, we must accept as true all well-pleaded allegations of material fact and all inferences reasonably deducible therefrom. *Myers v. Ridge*, 712 A.2d 791, 794 (Pa. Cmwlth. 1998). We need not accept as true conclusions of law, unwarranted inferences, argumentative allegations, or expressions of opinion. *Id.* The test is whether the facts pleaded are legally insufficient to establish a clear right to relief. *Werner v. Zazyczny*, 681 A.2d 1331, 1335 (Pa. 1996).

The instant petition was filed in the nature of mandamus or prohibition. A writ of mandamus is available only to compel the performance of a ministerial act or mandatory duty where there exists no other adequate and appropriate remedy. *Jackson v. Vaughn*, 777 A.2d 436, 438 (Pa. 2001). Mandamus lies where there is a clear legal right in the petitioner, a corresponding duty in the respondent, and a lack of any other appropriate and adequate remedy. *Porter v. Bloomsburg State College*, 301 A.2d 621, 622 (Pa. 1973); *Clark v. Beard*, 918 A.2d 155, 159 (Pa. Cmwlth. 2007). The purpose of mandamus is not to establish legal rights, but to enforce those rights which are already established. *Clark*, 918 A.2d at 159.

Here, the petition does not seek to compel the performance of a ministerial act or mandatory duty. Rather, it asks this Court to declare Section

---

[9] Since we find for the General Assembly on this preliminary objection, we need not address its other preliminary objections.

6137(a)(1) of the Parole Code unconstitutional as violating the double jeopardy, bill of attainder, and *ex post facto* clauses of the United States Constitution. Mandamus is not the vehicle for challenging the constitutionality of a statute. 18 STANDARD PENNSYLVANIA PRACTICE 2d §99:6 (2021 ed.); *see also Waters v. Department of Corrections*, 509 A.2d 430, 433 (Pa. Cmwlth. 1986). Even so, the petition fails to state a claim upon which relief can be granted.

To allege a constitutional violation, a petitioner is "required to plead sufficient facts showing a challenged action clearly and unambiguously violated a constitutionally secured right." *Nickson v. Pennsylvania Board of Probation and Parole*, 880 A.2d 21, 24 (Pa. Cmwlth. 2005). Further, a statute is presumed to be constitutional unless it clearly, palpably, and plainly violates the constitution. *Pennsylvania Builders Association v. Department of Labor and Industry*, 4 A.3d 215, 220 (Pa. Cmwlth. 2010) (quotation omitted). A party challenging the constitutionality of a statute has the heavy burden to overcome that presumption. *Id.*

Article I, Section 10 of the United States Constitution provides that "[n]o State shall … pass any Bill of Attainder, [or] ex post facto Law…." U.S. CONST. art. I, §10. The Fifth Amendment to the United States Constitution provides that "[n]o person shall ... be subject for the same offence to be twice put in jeopardy of life or limb...." U.S. CONST. amend. V. Statutes "that apply either to named individuals or to easily ascertainable members of a group in such a way as to inflict punishment on them without a judicial trial are bills of attainder prohibited by the Constitution." *United States v. Brown*, 381 U.S. 437, 448-49 (1965). For a law to transgress the *ex post facto* prohibition, "the law must retrospectively alter the definition of criminal conduct or retrospectively increase the penalty by which a crime is punishable." *Frederick v. Department of Transportation, Bureau of Driver*

7

*Licensing*, 802 A.2d 701, 704 (Pa. Cmwlth. 2002). Further, the double jeopardy clause, in its most general sense, "protects against a [criminal] defendant being harassed by multiple prosecutions for the same wrongful act and against multiple punishments for the same crime." *Commonwealth v. Rightley*, 617 A.2d 1289, 1292 (Pa. Super. 1991) (quoting *Commonwealth v. Bolden*, 373 A.2d 90, 97-98 (Pa. 1977)).

Section 6137(a)(1) of the Parole Code provides that the Parole Board "may release on parole any inmate to whom the power to parole is granted to the [B]oard by this chapter, *except an inmate condemned to death or serving life imprisonment*." 61 Pa. C.S. §6137(a)(1) (emphasis added). Stokes was convicted of first-degree murder in 1994 pursuant to Section 1102(a) of the Crimes Code, 18 Pa. C.S. §1102(a), and sentenced to life imprisonment. The current version of the Parole Code was not in effect at the time of Stokes' sentencing,[10] but the statutory scheme that existed in 1994 provided that a criminal offender serving life imprisonment for a first-degree murder conviction had no minimum sentence and, hence, was not eligible for parole. *See Commonwealth v. Yount*, 615 A.2d 1316 (Pa. Super. 1992). At the time of his offense, Stokes was on notice that the penalty for his first-degree murder conviction was life imprisonment without parole, even though the Crimes Code is silent on parole ineligibility. *See Commonwealth v. Bell*, 645 A.2d 211, 218 (Pa. 1994) (statute setting forth a mandatory minimum sentence was not unconstitutionally vague for failing to specify a maximum sentence since the maximum sentence was implied when read together with other statutes). The petition does not state an *ex post facto* claim.

---

[10] The Parole Code was enacted by the act of August 11, 2009, P.L. 147, *as amended*, 61 Pa. C.S. §§101-7123, which repealed the act of August 6, 1941, P.L. 861, commonly known as the Parole Act, formally referred to as the Pennsylvania Board of Probation and Parole Law.

8

Contrary to Stokes' proposition, a denial of parole does not constitute an increase in sentence; it is simply a fulfillment of the original punishment. *Young v. Board of Probation and Parole*, 409 A.2d 843, 847 (Pa. 1979) (parole is "a penological measure for the disciplinary treatment of prisoners who seem capable of rehabilitation outside of prison walls. It does not set aside or affect the sentence.") (emphasis and citation omitted). The petition's quote from *Solem v. Helm*, 463 U.S. 277 (1983), that life imprisonment without the possibility of parole constitutes a penalty "far more severe" than a life sentence, is taken out of context. Petition for Review at 6. *Solem* involved a criminal defendant who was sentenced to life imprisonment without parole for his conviction of issuing a "no account" check for $100. It was the defendant's seventh non-violent felony conviction. In granting a writ of *habeas corpus*, the United States Supreme Court held that the sentence was disproportionate to the crime and, thus, violated the prohibition in the Eighth Amendment to the United States Constitution against cruel and unusual punishment. U.S. CONST. amend. VIII. In so ruling, the Supreme Court cited *Rummel v. Estelle*, 445 U.S. 263 (1980), in which the Court held that a Texas sentence of life imprisonment with the possibility of parole after 12 years for a conviction of receiving $120.75 by false pretenses (the defendant's third non-violent felony conviction) did not contravene the Eighth Amendment. The *Solem* Court distinguished the matter from *Rummel* by stating that the sentence of life imprisonment without possibility of parole in light of the circumstances of the case "is far more severe than the life sentence we considered in *Rummel*[.]" *Solem*, 463 U.S. at 297. Contrary to Stokes' proposition, *Solem* did not hold that any life sentence without parole violates the double jeopardy or the bill of attainder clause of the United States Constitution.

9

Stokes has moved to amend his petition for review. The decision to allow an amendment is committed to the sound discretion of the court.[11] *Burger v. Borough of Ingram*, 697 A.2d 1037, 1041 (Pa. Cmwlth. 1997). "Leave to amend will be withheld where the initial pleadings reveal that the *prima facie* elements of the claim cannot be established and that the complaint's defects are so substantial that amendment is not likely to cure them." *Roach v. Port Authority of Allegheny County*, 550 A.2d 1346, 1347-48 (Pa. Super. 1988). Stokes' amended petition includes a verification statement and is divided into consecutively numbered paragraphs, but it nevertheless fails to state a claim upon which relief may be granted.

## Conclusion

For the foregoing reasons, we sustain the General Assembly's and the Parole Board's preliminary objections and dismiss the petition for review with prejudice. We also deny Stokes' motion to amend the petition for review because the amended petition is unlikely to survive the demurrer raised in the preliminary objections.

_____
MARY HANNAH LEAVITT, President Judge

Judge Crompton did not participate in the decision in this case.

---

[11] Pennsylvania Rule of Civil Procedure 1028(c)(1) provides that "[a] party may file an amended pleading as of course within twenty days after service of a copy of preliminary objections. If a party has filed an amended pleading as of course, the preliminary objections to the original pleading shall be deemed moot." PA. R.C.P. No. 1028(c)(1). Rule 1028(c)(1) does not apply here because Stokes' motion to amend was filed six months after service of the preliminary objections.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Stokes,                   :
            Petitioner         :
                                       :
            v.                    :    No. 266 M.D. 2019
                                         :
Pennsylvania General Assembly,   :
PA. Board of Probation & Parole,   :
           Respondents     :

# **O R D E R**

AND NOW, this 12th day of April, 2021, the preliminary objections filed by the Pennsylvania General Assembly and Pennsylvania Board of Probation and Parole in the above-captioned matter are SUSTAINED, and the petition for review filed by Michael Stokes is DISMISSED with prejudice.

Michael Stokes' motion to amend the petition for review filed on November 3, 2020, is DENIED.

_____
MARY HANNAH LEAVITT, President Judge