**Albert John SCHNEIDER**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Dec. 4, 2001.

Decided Jan. 11, 2002.

cated above, the majority does not address the interpretation of section 6111.4 set forth in section 6111(b)(1.1)(v).

Terrance M. Edwards, Harrisburg, for appellant.

Theodore M. Kravitz, Newtown, for appellee.

Before SMITH, Judge, PELLEGRINI, Judge and MIRARCHI, Jr., Senior Judge.

PELLEGRINI, Judge.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (PennDOT) appeals from an order of the Court of Common Pleas of Bucks County (trial court) sustaining Albert John Schneider's (Schneider) appeal from PennDOT's requirement that he install an ignition interlock device on all vehicles owned by him before his driving privilege could be restored.

The Ignition Interlock Device Act (Act)[1] was enacted in September 2000 and provides that a court must order repeat DUI offenders to install an ignition interlock device[2] on all vehicles they own before their driving privileges may be restored, and that a court may use its discretion regarding whether to impose an ignition interlock device on first time offenders. Under the Act, an Accelerated Rehabilitative Disposition (ARD) is considered a first offense.[3]

---

1. 42 Pa.C.S. §§ 7001–7003. The Ignition Interlock Device Act became effective September 30, 2000, except for Section 7002(a), which became effective September 30, 2001.

2. An ignition interlock device is a system approved by PennDOT that prevents a vehicle from being started or operated unless the operator first provides a breath sample indicating that the operator has an alcohol level of less than .025%. 42 Pa.C.S. § 7001.

3. Section 7002 of the Act provides that:
(a) First offense.—In addition to any other requirements imposed by the court, where a person has been convicted for a first offense under 75 Pa.C.S. § 3731 (relating to driving under influence of alcohol or controlled substance), the court may order the installation of an approved ignition interlock system on each motor vehicle owned by the person to be effective upon the restoration of operating privileges by the department. A record shall be submitted to the department when the court has ordered the installation of an approved interlock ignition device. Before the department may restore such person's operating privilege, the department must receive a certification from the court that the ignition interlock system has been installed.
(b) Second or subsequent offense.—In addition to any other requirements imposed by the court, where a person has been convicted of a second or subsequent violation of 75 Pa.C.S. § 3731, the court shall order the installation of an approved ignition interlock device on each motor vehicle owned by the person to be effective upon the restora-

In 1984, Schneider was arrested for driving under the influence (DUI) in violation of 75 Pa.C.S. § 3731(a) and was accepted into an ARD program. Schneider's operating privilege was suspended for one month as a condition of ARD. On May 7, 2000, Schneider was arrested again for DUI and pleaded guilty to the offense on October 25, 2000, before the trial court which resulted in a conviction under 75 Pa.C.S. § 3731(a). Schneider was sentenced to serve not less than 48 hours in the Bucks County prison and pay costs and a $300 fine. Schneider was required to surrender his driver's license to the court pursuant to 75 Pa.C.S. § 1540(a) which forwarded the license to PennDOT to begin Schneider's credit on his one-year suspension.

On December 7, 2000, PennDOT notified Schneider that his operating privilege had been suspended for one year, and he was required under the Act to have all vehicles owned by him equipped with an ignition interlock device before his driving privilege could be restored or else his license would be suspended for an additional year. Schneider filed an appeal challenging PennDOT's imposition of the ignition interlock requirement upon the restoration

of his license at the end of one year. Schneider contended that his 2000 DUI was his first DUI conviction and he was not subject to the ignition interlock requirement. A *de novo* hearing was held and PennDOT admitted into evidence a packet of documents, including a copy of the Bucks County Clerk of Courts' certification of Schneider's 2000 DUI and a certification of his official driving record showing his 1984 ARD.

█ The trial court granted Schneider's appeal and rescinded the ignition interlock requirement from the restoration of his operating privilege. The trial court specifically found that Schneider's 2000 DUI offense was his first DUI offense,[4] and in its opinion noted that while the ignition interlock requirement is mandatory for second and subsequent DUI offenders, trial courts are allowed discretion in imposing the requirement upon first time offenders.[5] Finally, the trial court found that Section 7002 allowed only a trial court to impose the ignition interlock requirement and that PennDOT had no independent authority to impose such a requirement absent a court order. PennDOT then filed

tion of operating privileges by the department. A record shall be submitted to the department when the court has ordered the installation of an approved interlock ignition device. Before the department may restore such person's operating privilege, the department must receive a certification from the court that the ignition interlock system has been installed.

(c) Alternative disposition.—For the purpose of this section, acceptance of Accelerated Rehabilitative Disposition, an adjudication of delinquency or a consent decree under Chapter 63 (relating to juvenile matters) or any other form of preliminary disposition of any charge brought under 75 Pa.C.S. § 3731 shall be considered a first conviction.

(d) Department approval.—An ignition interlock system required to be installed un-

der this section must be a system which has been approved by the department. The department's approval of ignition interlock systems shall be published in the Pennsylvania Bulletin.

42 Pa.C.S. § 7002.

4. In fact, footnote 1 of the trial court's opinion notes that "[t]he offense occurred on May 7, 2000 and was Licensee's first offense under 3731."

5. In its opinion, the trial court also relied upon the fact that Section 7002(a), pertaining to first time offenders, became effective on September 1, 2001, and Schneider was not convicted until October 25, 2000. However, only Section 7002(a) became effective on that date and the rest of the statute was effective as of September 1, 2000.

the instant appeal.[6]

■ PennDOT contends that it has an independent mandate under the Act to impose ignition interlock requirements upon repeat DUI offenders regardless of whether the trial court ordered installation.[7] Sections 7002(b) and 7003(1) of the Act prohibit PennDOT from restoring the operating privilege of any repeat DUI offender until a court certifies that all vehicles owned by the offender have had the ignition interlock device installed. 42 Pa. C.S. §§ 7002(b) and 7003(1). Although the trial court's failure to order the device may have been because it was unaware of Schneider's 1984 offense, PennDOT claims it has an independent mandate from the General Assembly to ensure that the device is installed.

■ Although Schneider had two DUI offenses and pursuant to Section 7002(b), the trial court was required to order installation of an ignition interlock device,[8] that failure does not mean that PennDOT has been given authority to override the trial court's order and require installation. Section 7002 provides that only **"the court** shall order the installation of an approved ignition interlock device...." 42 Pa.C.S. § 7002(b). (Emphasis added). Because this provision gives a court the sole authority, PennDOT has no unilateral authority to impose ignition interlock device requirements if the trial court fails to do so. If the trial court fails to impose this

6. Our scope of review is limited to determining whether the trial court's findings of fact are supported by competent evidence, whether errors of law have been committed or whether the trial court's determination demonstrates a manifest abuse of discretion. *Mazza v. Commonwealth, Department of Transportation, Bureau of Driver Licensing,* 692 A.2d 251 (Pa.Cmwlth.1997), *petition for allowance of appeal denied,* 551 Pa. 172, 709 A.2d 887 (1998).

7. PennDOT also contends that a court of common pleas lacks subject matter jurisdiction to adjudicate a driver's challenge to the imposition of an ignition interlock requirement upon the restoration of the driver's operating privilege because the ignition interlock requirement is not a final order or determination and, as such, does not fall under 42 Pa.C.S. § 933(a)(ii) (appeals from government agencies) and 75 Pa.C.S. § 1550(a) (judicial review). Despite the trial court's determination that failure to comply with the ignition interlock requirement is a continuation of a suspension and can be the subject of a statutory appeal under the above provisions, PennDOT contends that it is actually another restoration requirement such as the payment of a restoration fee or providing proof of current financial responsibility and cannot be the subject of a statutory appeal.

We agree with the trial court that failure to comply with the ignition interlock device re-

quirements is a continuation of a suspension of driving privileges because the failure to install the ignition interlock device will result in the driver's license being suspended for an additional year. *See* 75 Pa.C.S. § 7003(5). Under 75 Pa.C.S. § 1550(a), "[a]ny person who has been denied a driver's license, whose driver's license has been canceled or whose operating privilege has been recalled, suspended, revoked or disqualified by the department shall have the right to appeal to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure) [which provides that the court of common pleas shall have jurisdiction] ..." Therefore, this appeal was properly taken to the Bucks County Court of Common Pleas.

8. Under 75 Pa.C.S. § 3731(e)(1), the imposition and severity of penalties for DUI offenses is based upon the frequency of previous offenses under Section 3731 in the past seven years. However, there is no reference in the Act to this provision. The Act specifically refers to first offenses in Section 7002(a) and second or subsequent offenses in Section 7002(b) without reference to a time limit that would preclude consideration of a previous offense in determining whether a current offense is a "second or subsequent offense." Nothing in this provision limits the period when the offense occurred to be considered a second offense.

requirement in a criminal proceeding, the district attorney can appeal the trial court's failure to do so as it would if the trial court failed to impose any other mandatory sentence.[9]

Accordingly, because the trial court has jurisdiction over driver license suspension appeals and because the plain language of the Act does not permit PennDOT to have independent authority to impose installation of an ignition interlock device, the decision of the trial court is affirmed.

### ORDER

AND NOW, this 11th day of January, 2002, the Order of the Court of Common Pleas of Bucks County dated June 12, 2001, at No. 00–8145–14–6, is affirmed.

9. In *Pennsylvania State Police v. Court of Common Pleas of Bucks County*, 150 Pa. Cmwlth. 338, 615 A.2d 946 (1992), the Court of Common Pleas ordered the State Police to expunge an arrest and conviction record. The State Police challenged the expungement order to avoid a contempt of court order and argued that it had an independent mandate under 18 Pa.C.S. § 9111 to collect and maintain complete and accurate criminal history record information. *Id.* This Court held that the State Police lacked standing to challenge the order because there are no affirmative duties placed upon the State Police in the expungement process except to comply with court-ordered expungements. *Id.* Similarly, here, PennDOT is charged with restoring driving privileges but not with imposing ignition interlock devices, and, therefore, it may not independently order imposition of the devices.