**Geoffrey Thomas HINES**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 14, 2003.

Decided April 10, 2003.

Timothy P. Wile, Asst. Counsel In–Charge, Harrisburg, for appellant.

No appearance entered on behalf appellee.

Before COLINS, President Judge, FRIEDMAN, J., and FLAHERTY, Senior Judge.

---

**11.** If the Sentencing Code is *not* penal, then there are no statutory provisions for punishing criminals in this state.

OPINION BY President Judge
COLINS.

Herein, the Court addresses whether a licensee's untimely filing of an appeal should permit the Department of Transportation (DOT) to suspend the licensee's operating privilege pursuant to 42 Pa.C.S. § 7002(b) ("Ignition Interlock Law") where the ignition interlock requirement was imposed by DOT. We conclude that it does not; we affirm the order of the trial court granting *nunc pro tunc* relief and striking the requirement. The matter comes to this court by way of an appeal by DOT from the order of the Court of Common Pleas of Chester County (trial court).

Effective June 26, 1990, Hines was accepted into an Accelerated Rehabilitative Disposition program as a result of a DUI offense. On January 19, 1993, Hines was convicted of a second DUI offense. On February 6, 2001, Hines was convicted of a third DUI offense. Hines' license was suspended but the ignition interlock requirement set forth in the Ignition Interlock Law, 42 Pa.C.S. § 7002, was not imposed. No appeals were taken from that order.

By official notice mailed March 14, 2001, DOT suspended Hines' (licensee) operating privilege for one year and notified Hines that ignition interlock devices would have to be installed on all vehicles he owned. By letter dated April 4, 2002, DOT notified licensee of the license restoration requirements, including the ignition interlock requirement, and also informed licensee that failure to comply with the ignition interlock requirement would result in an additional one-year license suspension. On July 30, 2002, licensee filed a petition for *nunc pro tunc* relief from the requirements set forth in the March 14, 2001 notice of suspension letter.

Before the trial court, DOT challenged the timeliness of licensee's appeal, contending that the appeal was untimely and therefore could not be sustained. Licensee argued that the trial court failed to enter an ignition interlock order, thus, DOT's action in failing to restore the operating privilege was void on its face.

Relying on this Court's decision in *Schneider v. Department of Transportation, Bureau of Driver Licensing,* 790 A.2d 363 (Pa.Cmwlth.2002), the trial court allowed the appeal. The trial court found that DOT lacked the authority to unilaterally impose the ignition interlock requirement and struck the ignition interlock requirement. DOT now appeals to this Court, contending that the trial court erred as a matter of law in granting Hines relief.

In reviewing the propriety of the grant or denial of an appeal *nunc pro tunc* this Court must determine whether the trial court abused its discretion in granting or denying the relief sought. *Commonwealth v. Stock,* 545 Pa. 13, 679 A.2d 760 (1996). We find no error in the trial court's *nunc pro tunc* consideration of the merits of Hines' appeal, even though it may have been untimely, because, as we explain below, the requirement imposed on Hines was imposed without the authority of the law and was void *ab initio;* equitable relief, if necessary, is appropriate in such an extraordinary circumstance. *Watterson v. Department of Transportation, Bureau of Driver Licensing,* 816 A.2d 1225 (Pa.Cmwlth.2003), *Criss v. Wise,* 566 Pa. 437, 781 A.2d 1156 (2001).

We find that the trial court acted correctly in relying on *Schneider* to strike the ignition interlock requirement imposed on Hines by DOT. In *Schneider,* we considered the case of a motorist who had been convicted of a second DUI offense where the court did not impose an ignition interlock requirement, but the where the Department had attempted to impose it

independently. The facts are the same in the case before us. In deciding *Schneider* we said,

> Although Schneider had two DUI offenses and pursuant to Section 7002(b), the trial court was required to order installation of an ignition interlock device, that failure does not mean that PennDOT has been given authority to override the trial court's order and require installation. Section 7002 provides that only "the court shall order the installation of an approved ignition interlock device...." 42 Pa.C.S. § 7002(b). Because this provision gives a court the sole authority, PennDOT has no unilateral authority to impose ignition interlock device requirements if the trial court fails to do so.

790 A.2d at 366 (footnote and emphasis omitted).

Here, DOT argues that 42 Pa.C.S. § 7003 gives it the independent authority to impose the ignition interlock requirement. We disagree. The ignition interlock requirement may be imposed only by an order of the court of common pleas, *Schneider*. DOT lacks the power to act pursuant to Section 7003[1] absent a court order issued pursuant to Section 7002. DOT lacked the power to impose the interlock requirement in this matter because the court of common pleas never entered an order that would allow it to act.

Accordingly, the order of the Court of Common Pleas of Chester County in this matter is affirmed.

### ORDER

**AND NOW,** this 10th day of April 2003, the order of the Court of Common Pleas of Chester County is **AFFIRMED.**

---

1. **§ 7003. Additional driver's license restoration requirements**

In addition to any other requirements established for the restoration of a person's operating privileges under 75 Pa.C.S. § 1548 (relating to requirements for driving under influence offenders):

(1) Where a person's operating privileges are suspended for a second or subsequent violation of 75 Pa.C.S. § 3731 (relating to driving under influence of alcohol or controlled substance), or a similar out-of-State offense, and the person seeks a restoration of operating privileges, the court shall certify to the department that each motor vehicle owned by the person has been equipped with an approved ignition interlock system.

(2) A person seeking restoration of operating privileges shall apply to the department for an ignition interlock restricted license under 75 Pa.C.S. § 1951(d) (relating to driver's license and learner's permit) which will be clearly marked to restrict the person to operating only motor vehicles equipped with an approved interlock ignition system.

(3) During the year immediately following restoration of the person's operating privilege and thereafter until the person obtains an unrestricted license, the person shall not operate any motor vehicle on a highway within this Commonwealth unless the motor vehicle is equipped with an approved ignition interlock system.

(4) One year from the date of issuance of an ignition interlock restricted license under this section, if otherwise eligible, a person may apply for an additional replacement license under 75 Pa.C.S. § 1951(d) that does not contain the ignition interlock system restriction.

(5) A person whose operating privilege is suspended for a second or subsequent violation of 75 Pa.C.S. § 3731 or a similar out-of-State offense who does not apply for an ignition interlock restricted license shall not be eligible to apply for the restoration of operating privileges for an additional year after otherwise being eligible for restoration under paragraph (1).