### Christopher CINQUINA

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 7, 2003.

Decided Jan. 9, 2004.

As Corrected Feb. 10, 2004.

---

Timothy P. Wile, Asst. Counsel In–Charge, Harrisburg, for appellant.

Charles G. Nistico, Media, for appellee.

BEFORE: PELLEGRINI, Judge, and SIMPSON, Judge, and MIRARCHI, JR., Senior Judge.

OPINION BY Judge SIMPSON.

The Department of Transportation, Bureau of Driver Licensing (PennDOT) appeals from an order of the Court of Common Pleas of Delaware County (trial court) sustaining Christopher Cinquina's appeal from PennDOT's requirement that he install ignition interlock devices on all vehicles he owns before restoration of his driving privilege. Because we agree PennDOT lacked the authority to require Cinquina to install ignition interlock devices without a court order, we affirm.

Essentially, Cinquina was convicted of three separate incidents of driving under the influence of alcohol. The incidents occurred in March 2001 (incident one), May 2002 (incident two), and June 2002 (incident three). The convictions for incidents two and three occurred in November 2002. The conviction for incident one involved revocation of ARD and did not occur until December 2002.

PennDOT then sent a series of letters to Cinquina regarding suspension of his driving privilege. The letters pertaining to incidents two and three indicate his driving privilege was suspended and he would be required to install ignition interlock devices on all vehicles he owns before his license would be restored.[1] R.R. at 11a.

Cinquina filed timely appeals from both letters as to the ignition interlock requirement only, which were consolidated by the trial court. Cinquina's sole claim was that PennDOT was without independent authority to require installation of ignition interlock devices where the sentencing court did not order them. After a hearing,

---

1. PennDOT claims authority to order installation of the devices under what is commonly known as the Ignition Interlock Device Act (Act), 42 Pa.C.S. §§ 7001–7003.

the trial court sustained Cinquina's appeals, relying on this Court's decision in *Schneider v. Dep't of Transp., Bureau of Driver Licensing,* 790 A.2d 363 (Pa. Cmwlth.2002) and its progeny to conclude PennDOT lacked independent authority to require installation of ignition interlock devices absent a court order. This appeal by PennDOT followed.[2]

On appeal, PennDOT argues, despite this Court's holdings in *Schneider* and the cases that followed, it enjoys independent authority to order installation of ignition interlock devices.

Beginning with this Court's decision in *Schneider,* we consistently held PennDOT does not have the independent authority to order installation of ignition interlock devices without a court order, based on the language of the Act.[3] *See, e.g., Conroy v. Dep't of Transp., Bureau of Driver Licensing,* 825 A.2d 799 (Pa.Cmwlth.2003); *Sloan v. Dep't of Transp., Bureau of Driver Licensing,* 822 A.2d 105 (Pa.Cmwlth.2003).

Recently, in *Commonwealth v. Mockaitis,* —— Pa. ——, 834 A.2d 488 (2003), our Supreme Court struck as unconstitutional those portions of the Act requiring the trial court to order installation of ignition interlock devices and to certify to Penn-

DOT that licensees complied with the order of installation.[4] Our Supreme Court opined those sections could be severed from the rest of the Act. It further opined that the Act remained enforceable by PennDOT under § 7003(2),[5] which requires a person seeking restoration of his operating privileges to apply to PennDOT for an ignition interlock license. The Supreme Court stated, "With these provisions severed, the legislation still requires recidivist DUI offenders seeking restoration of driving privileges to apply to the Department for an ignition interlock restricted license." *Id.* at ——, 834 A.2d at 502.

Thus, after *Mockaitis,* the only portion of the Act under which PennDOT has authority with respect to second or subsequent offenses is Section 7003(2), and the only authority contained within that section is to issue interlock restricted licenses. Nowhere does the remaining Act grant PennDOT the independent authority to require installation of interlock devices. The trial court was correct in finding PennDOT exceeded its statutory authority when it purported to require Cinquina to install ignition interlock devices on all vehicles he owns.[6]

**2.** This Court's review is limited to determining whether the trial court's findings of fact were supported by competent evidence, whether legal errors were committed, or whether the trial court committed an abuse of discretion. *Schneider.*

**3.** Section 7002(b) of the Act stated, "... where a person has been convicted of a second or subsequent violation of 75 Pa.C.S. § 3731, *the court shall order* the installation of an approved ignition interlock device on each motor vehicle owned by the person ...." (emphasis added).

**4.** Specifically, the Supreme Court struck § 7002(b), requiring the trial court to order installation of the device as a predicate for restoration of a license; § 7003(1), requiring

the court to certify installation had occurred; and the last clause of § 7003(5), which referred to § 7003(1).

**5.** Section 7003(2) reads, "A person seeking restoration of operating privileges shall apply to the department for an ignition interlock restricted license under 75 Pa.C.S. § 1951(d) (relating to driver's license and learner's permit) which will be clearly marked to restrict the person to operating only motor vehicles equipped with an approved interlock ignition system."

**6.** We note the Pennsylvania legislature recently passed Act 24 of 2003, which amended Section 7002(b) of the Act to give PennDOT independent authority to require installation of ignition interlock devices. However, be-

Accordingly, we affirm the order of the trial court granting Cinquina's appeals as to the condition of installing interlock devices, without prejudice to PennDOT's ability to issue an interlock restricted license upon restoration of privileges.

Judge PELLEGRINI concurs in the result only.

### ORDER

AND NOW, this 9th day of January, 2004, the order of the trial court is affirmed without prejudice to PennDOT's ability to issue an interlock restricted license upon restoration of privileges.

cause that Act by its terms only applies when a second or subsequent DUI violation occurs after September 30, 2003, it does not apply here.