**James Kevin McDONALD**

v.

**COMMONWEALTH of Pennsylvania, Department of Transportation, Bureau of Driving Licensing, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 22, 2003.

Decided March 16, 2004.

Terrance M. Edwards and Timothy P. Wile, Asst. Counsel In–Charge, Harrisburg, for appellant.

No appearance entered on behalf of appellee.

BEFORE: SMITH–RIBNER, J., LEADBETTER, J., and JIULIANTE, Senior Judge.

OPINION BY Judge SMITH–RIBNER.

The Department of Transportation, Bureau of Driver Licensing (Department) appeals from an order of the Court of

Common Pleas of Chester County that sustained the statutory appeal of James Kevin McDonald from the requirement that he install ignition interlock devices on all vehicles that he owns before his operating privileges may be restored. The Department imposed the requirement under the act known as the Ignition Interlock Law (Interlock Law), former Sections 7001–7003 of the Judicial Code, *formerly* 42 Pa.C.S. §§ 7001–7003,[1] following McDonald's one-year suspension under Section § 1532(b)(3) of the Vehicle Code, *as amended,* 75 Pa.C.S. § 1532(b)(3).

McDonald's suspension resulted from his May 29, 2002 conviction under former Section 3731 of the Vehicle Code, *as amended, formerly* 75 Pa.C.S. § 3731, relating to driving under the influence of alcohol or controlled substance (DUI).[2] McDonald was charged originally on July 18, 1981 with violating Section 3731 but was accepted into the Accelerated Rehabilitative Disposition Program. McDonald was convicted of DUI on three other occasions: December 9, 1982, January 20, 1988 and May 29, 2002. His conviction, therefore, fell within the ambit of Section 7002(b) of the Interlock Law, 42 Pa.C.S. § 7002(b), requiring trial courts to order the installation of an ignition interlock system on each motor vehicle owned by repeat DUI offenders upon restoration of operating privileges. The court ordered

the mandatory one-year suspension of McDonald's operating privileges but did not order the installation of an ignition interlock system. By notice mailed November 8, 2002, the Department officially notified McDonald that his operating privileges were suspended effective May 29, 2002 and that in order to restore the privileges he would have to equip each of his vehicles with an ignition interlock system or remain ineligible for restoration for an additional one-year period under the Interlock Law. McDonald timely appealed.

The trial court admitted into evidence, without objection, the Department's packet of documents consisting of a certified copy of McDonald's driving history, the November 2002 notice of suspension and the certification of McDonald's underlying DUI conviction. · The court upheld the suspension, but it sustained McDonald's appeal of the ignition interlock requirement based on *Schneider v. Department of Transportation, Bureau of Driver Licensing,* 790 A.2d 363 (Pa.Cmwlth.2002), *appeal granted,* —— Pa. ——, 842 A.2d 408 (2004), in which this Court held that the Department did not have independent authority to impose the ignition interlock requirement when the trial court's order did not include that requirement.[3]

The Department initially asserts that it has an independent mandatory duty under

---

**1.** Repealed by Section 4 of the Act of September 30, 2003, P.L. 120, No. 2003–24 (Act 24). Provisions relating to ignition interlock are now found at Section 3805 of the Vehicle Code, 75 Pa.C.S. § 3805. Act 24 adopted a sweeping revision and reorganization of Pennsylvania statutes relating to driving under the influence, including repeal of Chapter 70 of Title 42 Pa.C.S. (the Interlock Law) and repeal of Section 3731 of the Vehicle Code, *as amended, formerly* 75 Pa.C.S. § 3731, relating to driving under the influence of alcohol or controlled substance, and the inclusion of provisions concerning these and related subject matters in a new Chapter 38 of Title 75,

relating to driving after imbibing alcohol or utilizing drugs, 75 Pa.C.S. §§ 3801–3817. These changes took effect February 1, 2004 pursuant to Section 22 of Act 24.

**2.** Repealed by Section 14 of Act 24. A similar provision is now at 75 Pa.C.S. § 3802.

**3.** The Court's review of the trial court's order is limited to determining whether the findings of fact are supported by competent evidence and whether the trial court has committed an error of law or an abuse of its discretion. *Schneider.*

Section 7003 of the Interlock Law not to restore the operating privileges of a repeat DUI offender until that offender presents certification that he or she has complied with the ignition interlock requirements. The Department acknowledges the Court's contrary holding in *Schneider*, reaffirmed in *Turner v. Department of Transportation, Bureau of Driver Licensing*, 805 A.2d 671 (Pa.Cmwlth.2002), and *Watterson v. Department of Transportation, Bureau of Driver Licensing*, 816 A.2d 1225 (Pa. Cmwlth.2003). The Department further asserts that legislation intended to promote highway safety and public health should be liberally construed to effectuate its laudable objective. *See* Section 1928(c) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1928(c).

Section 7002 of the Interlock Law provided in part:

**(b) Second or subsequent offense.—** In addition to any other requirements imposed by the court, where a person has been convicted of a second or subsequent violation of 75 Pa.C.S. § 3731, the court shall order the installation of an approved ignition interlock device on each motor vehicle owned by the person to be effective upon the restoration of operating privileges by the department. A record shall be submitted to the department when the court has ordered the installation of an approved ignition interlock device. Before the department may restore such person's operating privilege, the department must receive a certification from the court that the ignition interlock system has been installed.

Section 7003 provided in part:

In addition to any other requirements established for the restoration of a person's operating privileges under 75 Pa. C.S. § 1548 (relating to requirements for driving under influence offenders):

(1) Where a person's operating privileges are suspended for a second or subsequent violation of 75 Pa. C.S. § 3731 (relating to driving under influence of alcohol or controlled substance), or a similar out-of-State offense, and the person seeks a restoration of operating privileges, the court shall certify to the department that each motor vehicle owned by the person has been equipped with an approved ignition interlock system.

(2) A person seeking restoration of operating privileges shall apply to the department for an ignition interlock restricted license under 75 Pa.C.S. § 1951(d) (relating to driver's license and learner's permit) which will be clearly marked to restrict the person to operating only motor vehicles equipped with an approved ignition interlock system.

(3) During the year immediately following restoration of the person's operating privilege and thereafter until the person obtains an unrestricted license, the person shall not operate any motor vehicle on a highway within this Commonwealth unless the motor vehicle is equipped with an approved ignition interlock system.

. . . .

(5) A person whose operating privilege is suspended for a second or subsequent violation of 75 Pa.C.S. § 3731 or a similar out-of-State offense who does not apply for an ignition interlock restricted license shall not be eligible to apply for the restoration of operating privileges for an additional year after otherwise being eligible for restoration under paragraph (1).

This Court has held consistently in *Schneider, Turner, Watterson* and other cases that under Section 7002(b) of the

Interlock Law only the trial court had authority to order installation of an approved ignition interlock device, and if the trial court did not do so the Department did not have independent authority to do so.

Recently, however, the Pennsylvania Supreme Court issued its decision in *Commonwealth v. Mockaitis*, 575 Pa. 5, 834 A.2d 488 (2003), involving a direct appeal by the Commonwealth from an order of a three-judge panel of the Court of Common Pleas of Cumberland County that granted limited post-sentence relief to David Mockaitis following his conviction for driving under the influence of alcohol. The trial court removed the interlock requirement after concluding on equal protection and separation of powers/due process grounds that certain provisions of the Interlock Law were unconstitutional.

The Supreme Court in *Mockaitis* agreed with the trial court that the legislation's delegation to the judiciary of executive functions necessary to effectuate issuance of interlock restricted licenses impermissibly violated the separation of powers doctrine. The court quoted Section 1925 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1925, which states that the provisions of every statute shall be severable and that, after any provision of a statute or its application to any person is held to be invalid, the remainder of the statute and its application to other persons or circumstances shall not be affected unless the valid and invalid provisions are so inseparably connected that it cannot be presumed that the General Assembly would have enacted the valid provisions without the void provision.

The Supreme Court severed and invalidated Section 7002(b), Section 7003(1) and the last clause of Section 7003(5) of the Interlock Law, and it held:

With these provisions severed, the legislation still requires recidivist DUI offenders seeking restoration of driving privileges to apply to the Department for an ignition interlock restricted license. 42 Pa.C.S. § 7003(2). The Act also precludes the offender in possession of such a restricted license from operating any motor vehicle on a highway in the Commonwealth unless that vehicle is equipped with an approved ignition interlock system. *Id.* § 7003(3). The Act thus still prevents recidivist DUI offenders from lawfully operating motor vehicles on the highways in Pennsylvania unless they have an approved limited license and are driving a properly-equipped vehicle.

*Mockaitis*, 575 Pa. at 29–30, 834 A.2d at 502–503. The Supreme Court in *Mockaitis* was not unaware of the holdings in *Schneider*, *Turner* and their progeny, and the court endorsed the power of the Department only to issue ignition interlock restricted licenses. In discussing the equal protection arguments sustained by the trial court, the Supreme Court noted that the bases for them had disappeared because of the invalidation of the sections imposing the requirement of installation of ignition interlock systems on each motor vehicle owned by the offender.

This Court recently stated in unequivocal and clear language in *Cinquina v. Department of Transportation, Bureau of Driver Licensing*, 840 A.2d 525, 527 (Pa. Cmwlth.2004), that after *Mockaitis* the only portion of the Interlock Law under which the Department has authority is Section 7003(2) and that such authority is limited to issuing interlock restricted licenses: "Nowhere does the remaining Act grant PennDOT the independent authority to require installation of interlock devices."

The Court concludes, therefore, that under the holding in *Mockaitis* the

order of the trial court must be reversed to the extent that it sustained the appeal from the Department's notice to McDonald of the requirement that he obtain an ignition interlock restricted license. The trial court's order is affirmed, however, to the extent that it sustained McDonald's appeal from the Department's requirement that he install an ignition interlock system on each vehicle that he owns. The Supreme Court in *Mockaitis* invalidated the Section 7002(b) requirement that the trial court order installation of an ignition interlock system on each vehicle owned by the person to be effective upon the restoration of operating privileges. No other provision was in effect at the time of McDonald's conviction and notice of suspension that would authorize the Department to act independently to order the installation of an ignition interlock system.[4]

### ORDER

AND NOW, this 16th day of March, 2004, the order of the Court of Common Pleas of Chester County is reversed to the extent that it sustained James Kevin McDonald's appeal from the notice provided by the Department of Transportation, Bureau of Driver Licensing that he is required to obtain an ignition interlock restricted license if he seeks reinstatement of his operating privilege after the expiration of the suspension of his operating privilege. The order is affirmed to the extent that it sustained McDonald's appeal from notice of a requirement that he install ignition interlock systems on each vehicle that he owns.

---

4. Section 3 of Act 24 amended Section 7002(b) of the Interlock Law shortly before the unamended provision was stricken in *Mockaitis* by adding a final sentence as follows:

> If a second or subsequent violation of 75 Pa.C.S. § 3731 occurs after September 30, 2003, a court's failure to enter an order in compliance with this subsection shall not prevent the department from requiring, and the department shall require, the person to install an approved ignition interlock device in accordance with this chapter.

By its own terms, this provision applies only where a second or subsequent violation of 75 Pa.C.S. § 3731 occurs on or after September 30, 2003, which is not the situation in the present case. Similarly, the new Section 3805 of the Vehicle Code, 75 Pa.C.S. § 3805, relates to ignition interlock and authorizes the Department to require installation of an ignition interlock system on each motor vehicle owned by or registered to the person applying for an ignition interlock restricted license but provides procedures for seeking an economic hardship exemption and an employment exemption. It took effect February 1, 2004. That section also does not apply here.