**John DELANEY**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 2, 2004.

Decided May 11, 2004.

Timothy P. Wile, Harrisburg, for appellant.

James W. Flood, Norristown, for appellee.

BEFORE: FRIEDMAN, J., LEADBETTER, J., and KELLEY, Senior Judge.

OPINION BY Judge FRIEDMAN.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT) appeals from the November 17, 2003, order of the Court of Common Pleas of Montgomery County (trial court), which sustained John Delaney's (Licensee) challenge to DOT's imposition of certain requirements of the Act commonly referred to as the Ignition Interlock Device Act (Act), 42 Pa.C.S. §§ 7001–7003. We affirm.

On May 20, 2003, Licensee was convicted of driving under the influence of alcohol (DUI). The sentencing court did *not*, pursuant to the Act, order Licensee to install ignition interlock systems on his motor vehicles as a result of the conviction. (Trial ct. op. at 1.)

Subsequently, DOT notified Licensee that his driving privileges were being suspended for a year. In the notice, DOT stated that Licensee would be required to install ignition interlock systems on his motor vehicles in order to have his driving privileges restored. (Trial ct. op. at 1–2.)

■ Licensee filed an appeal with the trial court, which held a *de novo* hearing on the matter. At the hearing, DOT argued that the trial court lacked jurisdiction over Licensee's appeal. The trial court rejected DOT's argument and sustained Licensee's appeal. DOT now appeals to this court, challenging the trial court's jurisdiction over Licensee's appeal.[1]

---

1. Our scope of review is limited to determining whether necessary findings of fact are supported by competent evidence, or whether the trial court committed an error of law or abused its discretion in reaching its decision. *Hess v. Department of Transportation, Bureau of Driver Licensing,* 821 A.2d 663 (Pa.Cmwlth. 2003).

■ As a preliminary matter, we note that DOT acknowledges that it lacks authority to impose the ignition interlock requirement that it has imposed on Licensee.[2] (*See* DOT's brief at 17 n. 12.) Nevertheless, instead of rescinding the requirement, DOT has forced Licensee to expend his resources to file an appeal with the trial court and to defend against DOT's appeal to this court, so that Licensee will not be required to install ignition interlock devices on his motor vehicles as a condition for the restoration of his driving privileges. We are troubled by DOT's willful defiance of ignition interlock case law. Knowing that the requirement is illegal, DOT simply should rescind the requirement.

■ Turning to the jurisdictional question, DOT argues that the trial court lacked jurisdiction over Licensee's appeal. However, in making this argument, DOT transforms Licensee's appeal into a license restriction challenge. Thus, DOT's argument is that the trial court lacked jurisdiction over Licensee's license restriction challenge.[3] However, Licensee was *not* challenging the issuance of a license with an ignition interlock restriction. Rather, Licensee was challenging the requirement that he install ignition interlock devices on his motor vehicles as a condition for the restoration of his driving privileges. Because DOT's argument is based on a false premise, we shall not address it further.

Finally, there is no question that the trial court had jurisdiction over Licensee's statutory appeal from the device installation requirement. In *Schneider v. Department of Transportation, Bureau of Driver Licensing,* 790 A.2d 363 (Pa.Cmwlth.2002), *appeal discontinued,* —— Pa. ——, —— A.2d —— (20 MAP 2004, filed March 31, 2004), this court held that the courts of common pleas have jurisdiction over such appeals because the failure to install ignition interlock devices results in a continued suspension of driving privileges.[4] Thus, under *Schneider,* the trial court properly exercised jurisdiction over Licensee's appeal.

Accordingly, we affirm.[5]

ORDER

AND NOW, this 11th day of May, 2004, the order of the Court of Common Pleas of Montgomery County, dated November 17,

---

**2.** DOT concedes that, under *Commonwealth v. Mockaitis,* 575 Pa. 5, 834 A.2d 488 (2003), and *Cinquina v. Department of Transportation, Bureau of Driver Licensing,* 840 A.2d 525 (Pa. Cmwlth.2004), DOT's power is limited to issuing restricted licenses.

**3.** DOT contends that, according to *Mockaitis,* the administrative setting is the appropriate forum to challenge license restrictions. (*See* DOT's brief at 15–17.)

**4.** Section 933(a)(1)(ii) of the Judicial Code, 42 Pa.C.S. § 933(a)(1)(ii), states that the courts of common pleas have jurisdiction over appeals from determinations of DOT under section 1550 of the Vehicle Code, 75 Pa.C.S. § 1550. Section 1550 relates, in part, to DOT's suspension of a driver's license.

**5.** DOT also argues that the trial court erred in relieving Licensee of the need to apply for a

restricted license. (*See* DOT's brief at 18–20.) However, in making this argument, DOT has misconstrued the trial court's order.

The trial court's order states, "[Licensee's] appeal is sustained regarding the requirement that [Licensee] comply with the requirements of the [Act] *as a condition to the restoration of [Licensee's] driving privilege* and *that requirement is rescinded.*" (R.R. at 34a) (emphasis added). A requirement cannot be rescinded unless it has been imposed. The only requirement imposed under the Act here as a condition for the restoration of Licensee's driving privileges was the installation of ignition interlock systems on Licensee's motor vehicles. (R.R. at 6a.) Thus, the trial court's order sustains Licensee's appeal and rescinds DOT's action *only* in *that* regard.

2003, is hereby affirmed. This affirmance is without prejudice to Appellant's ability to restore John Delaney's driver's license with an ignition interlock restriction.