John K. WHALEN

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Bureau of Driver Licensing, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 31, 2009.

Decided Feb. 17, 2010.

Reconsideration Denied April 14, 2010.

Terrance M. Edwards, Asst. Counsel and Andrew S. Gordon, Chief Counsel, Harrisburg, for appellant.

J. Jarrett K. Whalen, Mercer, for appellee.

BEFORE: COHN JUBELIRER, Judge, and SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Judge SIMPSON.

The primary question in this appeal is whether acceptance into an Accepted Rehabilitative Disposition (ARD) program for a *second* violation of 75 Pa.C.S. § 3802 (relating to driving under the influence (DUI) of alcohol or controlled substance) precludes the Department of Transportation, Bureau of Driver Licensing (Department) from requiring a licensee to install ignition interlock systems (interlock systems) on his vehicles. The Department asserts the Court of Common Pleas of Mercer County (trial court)[1] lacked jurisdiction to consider John K. Whalen's (Licensee)[2] appeal of a Departmental determination requiring Licensee to equip all vehicles he owns with interlock systems. Alternatively, the Department assigns error in the trial court's conclusion the Department lacked authority to impose the interlock system requirement because Licensee's acceptance into the ARD program did not establish a violation of 75 Pa.C.S. § 3802. We affirm.

---

[1]. The Honorable Fred P. Anthony, Senior Judge from Erie County, sat by special designation.

[2]. Licensee is an attorney representing himself on appeal.

In May, 1998, Florida authorities convicted Licensee of violating its general impairment statute. As a result, the Department suspended Licensee's operating privilege for one year, effective August 19, 1998. *See* Reproduced Record (R.R.) at 45a.

Nine years later, in July, 2007, Pennsylvania authorities charged Licensee with two counts of DUI and one count of careless driving. R.R. at 50a. In January, 2009, the trial court accepted Licensee into an ARD program.[3]

The Department subsequently notified Licensee it was suspending his operating privileges for a period of 60 days, effective January 16, 2009. *See* 75 Pa.C.S. § 3807(d)(3)(i) (pertaining to ARD and imposing a mandatory 60–day suspension where the licensee's blood alcohol concentration at time of testing is .16% or higher). The Department's letter also informed Licensee that prior to restoration of his operating privilege, the Department required installation of an interlock system on all vehicles he owns.[4]

In March, 2009, Licensee appealed the Department's determination to the extent it required Licensee to install interlock systems on his vehicles. He asserted the Department's requirement was improper because his acceptance into an ARD program did not result in a conviction, a prerequisite to the Department's authority to require installation of interlock systems.

At hearing, the Department argued the trial court lacked jurisdiction to hear Licensee's appeal because 75 Pa.C.S. § 1550 ("Judicial review"),[5] does not identify the requirement of an interlock system as a Departmental determination subject to judicial review. The trial court disagreed.

On the merits, the Department argued 75 Pa.C.S. § 3805(a), below, only requires a showing a person *violated* 75 Pa.C.S. § 3802, not that the person was *convicted* of DUI. Conversely, Licensee maintained 75 Pa.C.S. § 3805 requires a conviction for DUI before the Department may require installation of interlock systems and, since acceptance into an ARD program does not constitute a conviction, the Department lacked authority to impose the interlock system requirement.

The esteemed trial court agreed with Licensee. The Department, in the trial court's opinion, failed to prove Licensee violated 75 Pa.C.S. § 3802. The court determined there must be either an adjudication establishing a violation of 75 Pa.C.S. § 3802, or a statutory mandate allowing a court or the Department to conclude that a pre-adjudication disposition establishes a "violation" of the Vehicle Code. Here, there was neither. Accordingly, the trial court sustained Licensee's appeal to the extent he challenged the Department's requirement that he install interlock systems on his vehicles.

---

3. In December, 2008, the trial court determined Licensee's 1998 conviction under the Florida general impairment statute was not the equivalent of Pennsylvania's DUI statute for purposes of ARD and, therefore, the Florida conviction did not bar Licensee from participation in an ARD program. This decision is not currently before us. Licensee successfully completed his obligations under the ARD program.

4. The stated suspension period ended on March 17, 2009.

5. 75 Pa.C.S. § 1550(a) provides in part:

(a) **General rule.**—Any person who has been denied a driver's license, whose driver's license has been canceled or whose operating privilege has been recalled, suspended, revoked or disqualified by the department shall have the right to appeal to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure).....

The Department now appeals, challenging the trial court's jurisdiction and conclusion the Department lacked authority to require Licensee to install interlock systems on his vehicles. As the Department raises only questions of law, our review is plenary. *McGrory v. Dep't of Transp.*, 591 Pa. 56, 915 A.2d 1155 (2007).

The statutory provision by which the Department seeks to require Licensee to install interlock systems on his vehicles is 75 Pa.C.S. § 3805(a)(1). That section provides in relevant part (with emphasis added):

> **(a) General rule.**—If a person *violates* section 3802 (relating to driving under influence of alcohol or controlled substance) and, within the past ten years, has a prior offense as defined in section 3806(a) (relating to prior offenses) or has had their operating privilege suspended pursuant to section 1547(b.1) (relating to chemical testing to determine the amount of alcohol or controlled substance) or 3808(c) (relating to operating a motor vehicle not equipped with ignition interlock) and the person seeks a restoration of operating privileges, the [D]epartment shall require as a condition of issuing a restricted license pursuant to this section that the following occur:
>
> (1) Each motor vehicle owned by the person or registered to the person has been equipped with an ignition interlock system and remains so for the duration of the restricted license period.

75 Pa.C.S. § 3805(a)(1). The parties do not dispute Licensee's 1998 Florida conviction constitutes a prior offense.

On the issue of jurisdiction, the Department's position is that the trial court lacked ability to hear the appeal. Indeed, no one can appeal an interlock requirement, despite several appellate cases to the contrary. The Department's argument is as follows.

Section 1550 of the Vehicle Code permits only certain Departmental determinations to be appealed to the courts of common pleas. Cases interpreting 75 Pa.C.S. § 3805 hold that an appeal of the interlock system requirement is within the jurisdiction of the courts of common pleas because the failure to install interlock systems resulted in an additional one-year suspension of the driver's operating privileges. A suspension of operating privileges falls within the class of Departmental determinations appealable to common pleas under 75 Pa. C.S. § 1550. *See Probst v. Dep't of Transp., Bureau of Driver Licensing*, 578 Pa. 42, 849 A.2d 1135 (2004); *Schneider v. Dep't of Transp., Bureau of Driver Licensing*, 790 A.2d 363 (Pa.Cmwlth.2002), *superseded by statute as stated in McGrory.*

According to the Department, these cases are no longer controlling. Thus, the Supreme Court hinged its decision in *Probst* on the language contained in the Department's suspension notice, which the Department has since amended.[6] In *Schneider*, this Court determined that common pleas courts have jurisdiction over interlock system appeals because former Section 7003(5) of the Judicial Code, *formerly* 42 Pa.C.S. § 7003(5),[7] provided that

---

**6.** The Department's suspension notices now provide:

> Before your driving privileges can be restored you are required by law to have all vehicle(s) owned by you to be equipped with an Ignition Interlock System. This is a result of your conviction for Driving Under the Influence. You will receive more

information regarding this requirement approximately 30 days before your eligibility date.

Reproduced Record (R.R.) at 16a.

**7.** Former 42 Pa.C.S. § 7003(5) provided:

> In addition to any other requirements established for the restoration of a person's

the failure to install an interlock systems resulted in an additional one-year suspension of a driver's operating privilege. The Department contends neither rationale remains applicable because 75 Pa.C.S. § 3805 now requires installation of an interlock system as a prerequisite to the restoration of operating privileges, and the General Assembly repealed 42 Pa.C.S. § 7003. As it has in previous appeals, the Department contends installation of an interlock system is a precondition to restoration of operating privileges and plays no part in the suspension of privileges.

The Department's position once again disregards the practical effect of the interlock requirements. Notwithstanding the repeal of 42 Pa.C.S. § 7003 and the amended Departmental suspension notice, it necessarily follows that a licensee's operating privilege remains suspended until compliance with the mandate to install an interlock system. As noted above, 75 Pa. C.S. § 3805 requires a person whose operating privileges have been suspended for a violation of DUI, and who seeks restoration of his privileges, to make application to the Department for a restricted license upon conclusion of the suspension period. Section 3805(b) provides:

> **(b) Application for a restricted license.**—A person subject to this section *shall apply* to the [D]epartment for an ignition interlock *restricted license* under section 1951(relating to driver's license and learner's permit), which shall be clearly marked to restrict the person only to driving, operating or being in actual physical control of the movement

of motor vehicles equipped with an ignition interlock system. Upon issuance of an ignition interlock restricted license to any person, the [D]epartment shall notify the person that until the person obtains an unrestricted license the person may not own, register, drive, operate or be in actual physical control of the movement of any motor vehicle which is not equipped with an ignition interlock system.

75 Pa.C.S. § 3805(b) (emphasis added).

Pursuant to Subsection (b), a licensee subject to the interlock requirements may only apply for a restricted license. Before the Department may issue a restricted license, it is required to mandate installation of an interlock system. 75 Pa.C.S. § 3805(a). Only upon installation of an interlock system is the Department authorized to issue a restricted license. *Id.* Thus, the suspension of operating privileges remains in effect until the licensee installs an interlock system and the Department issues a restricted license. Clearly, the suspension of operating privileges is appealable to the courts of common pleas. 75 Pa.C.S. § 1550(a).

■ The Department's action in subjecting a licensee to interlock requirements may have the effect of prolonging a suspension. Accordingly, we conclude the trial court enjoyed jurisdiction over Licensee's appeal challenging the Departmental determination mandating installation of interlock systems. *See Probst; Delaney v. Dep't of Transp., Bureau of Driver Licens-*

operating privilege under 75 Pa.C.S. § 1548 (relating to requirements for driving under influence offenders):
. . .
(5) A person whose operating privilege is suspended for a second or subsequent violation of 75 Pa.C.S. § 3731 or a similar out-of-state offense, who does not apply for an ignition interlock restricted license, shall not be eligible to apply for the restoration of operating privileges for an additional year after otherwise being eligible for restoration. . . .
The Act of September 30, 2003, P.L. 120, repealed 42 Pa.C.S. §§ 7001–7003.

*ing,* 849 A.2d 300 (Pa.Cmwlth.2004), *superseded by statute as stated in McGrory.*

We now turn to the merits of the Department's appeal. The trial court concluded that a judicial determination of a violation of 75 Pa.C.S. § 3802 (*i.e.,* conviction) or a statutory mandate allowing the court or the Department to conclude acceptance into an ARD program, is necessary to establish a violation of 75 Pa.C.S. § 3802 for purposes of the ignition interlock law. We agree.

■ Factually, we reviewed the ARD agreement to determine whether Licensee acknowledged violating 75 Pa.C.S. § 3802. He did not. Licensee's Ex. 2. Among other things, the ARD agreement identifies Licensee's obligations for participation in the program. *Id.* As a result of Licensee's acceptance into the ARD program, all criminal proceedings were stayed. *Id.* The Department does not dispute Licensee's representations he successfully completed the ARD program and his arrest record has been expunged. *See* Licensee's Br. at 14; Joint Ex. 1; Licensee's Ex. 2. Since the charges have been dismissed, and there is no acknowledgement of guilt, there no is factual basis to establish a violation of 75 Pa.C.S. § 3802.

Legally, the parties agree that Licensee's acceptance into an ARD program does not constitute a conviction. *See Commonwealth v. Knepp,* 307 Pa.Super. 535, 453 A.2d 1016, 1019 (1982) ("the admission into an ARD program is not equivalent to a conviction under any circumstances since charges are deferred until completion of the program"). The Rules of Criminal Procedure governing ARD further explain that although acceptance into an ARD program is not intended to constitute a conviction under the rules, it may nevertheless be statutorily construed as a conviction for purposes of computing sentences on subsequent convictions. Pa. R.Crim.P. 312, Comment.

■ To that end, we agree with the trial court that the Vehicle Code does not contain a statutory provision equating acceptance into an ARD program with a conviction for purposes of 75 Pa.C.S. § 3805. In contrast, the General Assembly has been very specific in identifying the civil consequences of acceptance into an ARD program on a driver's operating privileges. *See* 75 Pa.C.S. § 1542 (relating to habitual offender's license); 75 Pa.C.S. § 1539(c) (relating to suspension of operating privilege on accumulation of points—acceptance of ARD for violation of Section 1532 (revocation or suspension of operating privilege) or 3802 shall be considered a suspension); 75 Pa.C.S. § 3806 (relating to prior offenses).

Had the General Assembly intended to equate acceptance into an ARD program with a violation of 75 Pa.C.S. § 3802 for purposes of the interlock law, it would have expressly done so. The maxim *"expressio unius est exclusio alterius"* is applicable here. The maxim essentially provides that where certain things are specifically designated in a statute, all omissions should be understood as exclusions. *Mohamed v. Dep't of Transp., Bureau of Motor Vehicles,* 973 A.2d 453 (Pa. Cmwlth.), *appeal granted,* —— Pa. ——, 982 A.2d 1218 (2009). Where the General Assembly specified those instances where acceptance of an ARD program affects a licensee's driving record, we must conclude the General Assembly intended its omission from 75 Pa.C.S. § 3805 to be an exclusion. Any legislative oversight is for the legislature to fill, not the courts. *Cf. Harding v. City of Phila.,* 777 A.2d 1249 (Pa.Cmwlth.2001) (where the Unemploy-

ment Compensation Law[8] identified two classes of benefit year maximum entitlements, Part D and Part E, and a different section specifically mentioned Part D but not Part E, the Court concluded that the Legislature intended the omission to be an exclusion). *See also* 1 Pa.C.S. § 1928(b) (providing that penal provisions must be strictly construed).

Discerning no error in the trial court's determination the Department failed to prove Licensee violated 75 Pa.C.S. § 3802 for purposes of the interlock law, we affirm.

### *ORDER*

**AND NOW,** this 17th day of February, 2010, the order of the Court of Common Pleas of Mercer County is **AFFIRMED.**

**8.** Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §§ 751– 914.