# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David Zarrilli, : 
                Appellant : 
                : 
          v. : No. 535 C.D. 2018
                : SUBMITTED: March 14, 2019
Commonwealth of Pennsylvania, : 
Department of Transportation, : 
Bureau of Driver Licensing : 

BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
                   HONORABLE PATRICIA A. McCULLOUGH, Judge
                   HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                           **FILED:  April 8, 2019**

David Zarrilli appeals from the order of the Court of Common Pleas of Delaware County (trial court), which, as part of a driver's license suspension appeal, denied his appeal of an ignition interlock requirement imposed by the Pennsylvania Department of Transportation, Bureau of Driver Licensing (PennDOT or Bureau). The trial court held: (1) that it lacked subject matter jurisdiction to hear that portion of the appeal and, alternatively, (2) that the ignition interlock limited license and restoration requirements were constitutional under the Pennsylvania and United States Constitutions. Zarrilli does not appeal the suspension of his driver's license, but only the imposition of the ignition interlock requirement. (*See* Zarrilli Br., 3). We affirm in part and reverse in part.

The facts may be summarized briefly as follows. On July 14, 2017, a police officer employed by the Marcus Hook Police Department saw a standing vehicle with its engine running that was partially blocking traffic. Zarrilli was in the

driver's seat. The officer observed indicia of alcohol intoxication. After administration of field sobriety testing, the officer arrested Zarrilli for driving under the influence.

The officer transported Zarrilli to the Marcus Hook police station and read him the Implied Consent warnings from PennDOT form DL-26B and requested that Zarrilli submit to chemical testing. The officer asked Zarrilli if he understood the warning and whether he would submit to chemical testing. Zarrilli refused.

The officer testified that he did not provide information to Zarrilli about the consequences of refusing chemical testing other than what appeared on the DL-26B form. The officer did not say anything about the ignition interlock requirement.

The Bureau imposed a one-year suspension of Zarrilli's operating privileges in accordance with the requirements of 75 Pa.C.S. § 1547(b)(1)(i).[1] Zarrilli filed a timely appeal. After hearing and briefing, the trial court entered an order denying Zarrilli's appeal, including his appeal of the ignition interlock requirement imposed by PennDOT.

On appeal to this Court,[2] Zarrilli argues that the trial court did, in fact, have jurisdiction over his appeal and that the ignition interlock requirement imposed pursuant to 75 Pa.C.S. § 3805 violated his constitutional rights. The Bureau, which imposed the suspension in this case and administers the ignition interlock requirement generally, defended the appeal in the trial court. However, the Bureau now concedes that the trial court did, in fact, have jurisdiction over Zarrilli's appeal

---

[1] 75 Pa.C.S. § 1547(a) and (b) is referred to as the Pennsylvania Implied Consent Law.

[2] As the trial court's findings of fact are not in dispute, and the appeal presents pure questions of law, the Court's review is plenary. *Dep't of Transp. v. McCafferty*, 758 A.2d 1155, 1158 (Pa. 2000).

of the ignition interlock requirement.[3]  *See Whalen v. Dep't of Transp., Bureau of Driver Licensing*, 990 A.2d 826 (Pa. Cmwlth. 2010) (trial court enjoyed jurisdiction over appeal challenging the Bureau's determination mandating installation of ignition interlock systems), *rev'd on other grounds*, 32 A.3d 667 (Pa. 2011). Further, the Bureau concedes that the ignition interlock requirement should not have been imposed because the then-effective (and now former) version of 75 Pa.C.S. § 3805(a)[4] did not authorize the Bureau to impose an ignition interlock requirement

---

[3] The Bureau does not explain either its error in imposing the ignition interlock requirement in the first place or its defense of same before the trial court.

[4] Former Section 3805(a) of the Vehicle Code, 75 Pa.C.S. § 3805(a), effective from June 30, 2007 to August 24, 2017, provided as follows:

§ 3805. Ignition interlock

(a) General rule.**--**If a person violates section 3802 (relating to driving under influence of alcohol or controlled substance) and, within the past ten years, has a prior offense as defined in section 3806(a) (relating to prior offenses) or has had their operating privileges suspended pursuant to section 1547(b.1) (relating to chemical testing to determine amount of alcohol or controlled substance) or 3808(c) (relating to illegally operating a motor vehicle not equipped with ignition interlock) and the person seeks a restoration of operating privileges, the department shall require as a condition of issuing a restricted license pursuant to this section that the following occur:

(1) Each motor vehicle owned by the person or registered to the person has been equipped with an ignition interlock system and remains so for the duration of the restricted license period.

(2) If there are no motor vehicles owned by the person or registered to the person that the person so certify to the department. A person so certifying shall be deemed to have satisfied the requirement that all motor vehicles owned by

on Zarrilli, who, as demonstrated by the certified driving record, did not have a "prior offense" or an operating privilege suspension imposed in accordance with 75 Pa.C.S. § 1547(b.1) or 75 Pa.C.S. § 3808(c).

Section 4 of the Act of May 25, 2016, P.L. 236, No. 33 (Act 33 of 2016), amended 75 Pa.C.S. § 3805 to remove the limitation to those with a prior offense or an operating privilege suspension and added subsection (a.1).[5] Section 7 of Act 33

---

the person or registered to the person be equipped with an ignition interlock system as required by this subsection.

[5] The version of 75 Pa.C.S. § 3805 in effect from August 25, 2017 to October 20, 2018 provided, in pertinent part, as follows:

(a) General rule.-- Except as provided under subsection (a.1), if a person violates section 3802 (relating to driving under influence of alcohol or controlled substance) or has had their operating privileges suspended pursuant to section 1547 (relating to chemical testing to determine amount of alcohol or controlled substance) or 3808(c) (relating to illegally operating a motor vehicle not equipped with ignition interlock) and the person seeks a restoration of operating privileges, the department shall require as a condition of issuing a restricted license pursuant to this section that the following occur:

(1) Any motor vehicle to be operated by the individual has been equipped with an ignition interlock system and remains so for the duration of the restricted license period.

(2) If there are no motor vehicles owned or to be operated by the person or registered to the person that the person so certify to the department in accordance with the department's regulations.

(a.1) Exception.--Subsection (a) shall not apply to an individual who meets all of the following:

(1) Is subject to the penalties under section 3804(a)(1) (relating to penalties) or subject to mandatory suspension of operating privilege under section 3807(d) (relating to Accelerated Rehabilitative Disposition).

4

of 2016 provided that the effective date of Section 3805 was 15 months from the statute's signing, or August 25, 2017. Thus, the Bureau agrees that Zarrilli was not subject to an ignition interlock requirement on the date he refused to submit to chemical testing.

While not conceding the merit of Zarrilli's constitutional arguments, the Bureau further acknowledges that it lacked authority to impose the ignition interlock requirement under the then-effective statute.[6] We agree and accordingly, reverse the trial court as to the ignition interlock requirement. Thus we need not reach the other arguments presented here. Moreover, a court should not decide an appeal on a constitutional basis when the appeal can be decided on other grounds, *see Stackhouse v. Pennsylvania State Police*, 892 A.2d 54, 63 (Pa. Cmwlth. 2006) [quoting *Gulnac v. South Butler County School District,* 587 A.2d 699, 701 (Pa. 1991)].

In light of the foregoing, we affirm the trial court's denial of Zarrilli's statutory appeal as to the suspension of his license and reverse as to the imposition of the ignition interlock requirement.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

---

(2) Has not had a prior offense, as defined under section 3806 (relating to prior offenses).

It should be noted that Section 4 of the Act of July 20, 2017, P.L. 333, No. 30 amended Section 3805(a.1)(1), effective October 20, 2018.

[6] To the extent that Zarrilli's argument references the enhanced restoration fees set forth in 75 Pa. C.S. 1547(b.2)(1) being in violation of the prohibition against ex post facto laws, the Bureau also concedes that any notice it gave to Licensee that he would have to pay an enhanced restoration fee would be incorrect. (Bureau Br. at 15 n.6.)

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David Zarrilli,            :
           Appellant    :
                  :
        v.        :  No. 535 C.D. 2018
                  :
Commonwealth of Pennsylvania,  :
Department of Transportation,   :
Bureau of Driver Licensing     :

## **O R D E R**

AND NOW, this 8th day of April, 2019, it is ORDERED that the trial court's denial of Zarrilli's appeal as to the suspension of his license is AFFIRMED and the trial court's denial of Zarrilli's appeal of the imposition of an ignition interlock requirement is REVERSED.

 

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge